**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-CR-540-MTS-NAB |
| ) | |
| BRANDON VANDOREN (1), ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

All pretrial matters in the above-referenced case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b). Pending before the Court is Defendant's Motion to Dismiss for a Defect in the Indictment and Insufficient Facts to Establish a Carjacking in Violation of 18 U.S.C. § 2119 (Doc. 120). The United States filed a response in Opposition (Doc. 128).

On November 10, 2022, this matter came before the undersigned for a hearing on Defendant's motion. Oral arguments were presented by the parties.

**I.     BACKGROUND**

Brandon Vandoren is charged in two counts of a three-count indictment. (Doc. 2). In count one, he is charged with Carjacking in violation of 18 U.S.C. § 2119; count two charges him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Mr. Vandoren contends count one of the indictment should be dismissed because there is a defect in the indictment and insufficient facts to establish a carjacking. The Government argues that the indictment is sufficient, and that Mr. Vandoren cannot seek a pretrial determination of the sufficiency of the evidence.

## II.     LEGAL ANALYSIS

Count one of the indictment alleges the following:

> [Mr.] Vandoren, the Defendant herein, with intent to cause death and serious bodily harm, took from the person and presence of another, by force, violence, and intimidation, a motor vehicle, that is, a 2007 Saturn Aura, that had been transported in interstate commerce, resulting in serious bodily injury that caused a substantial risk of death to another person.
>
> In violation of Title 18, United States Code, Sections 2119, and punishable under Title 18, United States Code, Section 2119(2).

(Doc. 2) (emphasis omitted).

Mr. Vandoren moves to dismiss count one of the indictment pursuant to Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure.

Rule 12(b)(3) states:

> *Motions That Must Be Made Before Trial*. The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits:
>
> (B) a defect in the indictment or information, including:
>     (i) joining two or more offenses in the same count (duplicity);
>     (ii) charging the same offense in more than one count (multiplicity);
>     (iii) lack of specificity;
>     (iv) improper joinder; and
>     (v) failure to state an offense;

Fed. R. Crim. P. 12(b)(3)(B).

Mr. Vandoren states that the defect in the indictment is that the "Government's case rests on an untenable theory of prosecution" (Doc. 120 at 1). He contends that there are undisputed facts which establish that Defendant did not have the intent to cause death or serious bodily harm when he took the victim's vehicle.  He also claims the vehicle was not taken by force, violence, or intimidation as alleged.  The Government argues that Mr. Vandoren is challenging the sufficiency of the evidence which is not allowed under the Federal Rules of Criminal Procedure.

2

While Mr. Vandoren's motion alleges a defect in the indictment, his argument focuses on the sufficiency of the evidence needed for conviction. Mr. Vandoren relies on *United States v. Petruk* for the proposition that the stealing of an unoccupied vehicle did not amount to a carjacking. 781 F.3d 438 (8th Cir. 2015). In *Petruk*, the defendant was convicted of carjacking after taking an unoccupied truck that was parked outside a residence. The truck's owner began following the truck until the defendant stopped. *Id.* at 440. The defendant then exited the truck and attacked the truck's owner with a hammer causing a bruise on his arm. *Id.* Petruk then drove away in the truck. *Id.* The truck was later found with Petruk's DNA on the steering wheel. *Id.* Petruk was charged with carjacking under 18 U.S.C. §2119. *Id.* at 441. He filed a motion to dismiss the indictment, contending that there was a defect in the indictment on the ground that the indictment did not allege facts sufficient to establish a carjacking. *Id.* A magistrate judge recommended denial of the motion and the district judge adopted the recommendation. *Id.* Following a trial, Petruk was convicted of the charge by a jury. *Id.* On appeal, the Eighth Circuit Court of Appeals reversed Petruk's conviction, finding that the evidence was insufficient to support the Government's theory that the carjacking occurred when Petruk assaulted the owner following the taking of the vehicle. *Id.* at 443-44.

In relying on *Petruk*, Mr. Vandoren fails to acknowledge that the defendant in that case had been tried by a jury and then appealed his conviction. After reviewing the evidentiary record, the Court of Appeals determined that the evidence was insufficient. Here, Mr. Vandoren is requesting that this Court dismiss the indictment based on his allegations of what the evidence would show, including his state of mind at the time the vehicle was taken.

Courts have recognized, however, that an indictment is not subject to a motion to dismiss based on allegations of the insufficiency of the government's evidence. *United States v. Ferro*,

252 F.3d 964, 968 (8th Cir. 2001). The case law clearly provides that an indictment that is valid on its face is immune from attack by a claim that there was insufficient competent evidence presented to the grand jury. *Costello v. United States*, 350 U.S. 359, 363 (1956) ("An indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on its merits. The Fifth Amendment requires nothing more."). As the Eighth Circuit explained in *Ferro*:

> In civil cases, of course, the summary judgment procedures contemplated by Federal Rule of Civil Procedure 56 may be utilized to test, pretrial, the sufficiency of the evidence to establish triable issues of fact; but there is no corollary in criminal cases. The government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29.... [W]e simply cannot approve dismissal of an indictment on the basis of predictions as to what the trial evidence will be.

252 F.3d at 968 (quoting *United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000)); *accord*, *United States v. Nelson*, 165 F.3d 1180, 1182 (8th Cir. 1999) ("It has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury." (citations omitted)). As expressed by the court in *DeLaurentis*, "a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence." 230 F.3d at 660–61 (citations omitted).

Because a challenge to the sufficiency of the evidence is not a valid basis for dismissing an indictment, Mr. Vandoren's motion to dismiss should be denied.

### III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Defendant Brandon Vandoren's Motion to Dismiss for a Defect in the Indictment and Insufficient Facts to Establish a Carjacking in Violation of 18 U.S.C. § 2119 (Doc. 120) be **DENIED**.

The parties are advised that they have fourteen (14) days in which to file written objections to this recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained. Failure to timely file objections may result in waiver of the right to appeal questions of fact. *Thompson v. Nix,* 897 F.2d 356, 357 (8th Cir. 1990).

                                                           NANNETTE A. BAKER
                                                           UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of November, 2022.